COMMONWEALTH *vs.* JOHN P. LAKEMAN.

One tenant in common of a barn floor has no right to use force and violence, to prevent his co-tenant from entering the door leading to the floor, though such entry is with the declared purpose of removing the wagon of the former then standing on the floor.

THE defendant, having been convicted before a magistrate on a complaint charging him with an assault and battery, appealed to the court of common pleas, where he was tried before *Hoar*, J., and convicted. The case came to this court by exceptions.

On the trial, it was admitted, that the complainant, on whom the assault and battery were alleged to have been committed, was a tenant in common with the defendant of a barn floor and land thereunder; the complainant owning the barn and land on one side of the floor, and the defendant owning the barn and land on the other side of the same. It appeared in evidence, that at the time of the assault and battery, a wagon with hay thereon, belonging to the defendant, was on the barn floor; that the complainant, without having previously requested the defendant to remove his wagon, proceeded with several men to remove it, and on his way to the barn, the complainant threatened in the hearing of the defendant, that he would run out the defendant's wagon; and that the defendant followed the complainant to the barn. The complainant began to open the barn door, leading into the floor, and had partly opened the door, when the defendant arrived at the barn. Immediately upon the defendant's approaching the barn, the complainant said, I am going to run out your wagon. Upon this the defendant resisted the opening of the door, and struck the complainant upon his head, and knocked him down.

The judge instructed the jury, that the defendant had no right to prevent the complainant from opening the door, although it was done with the declared purpose of running out the defendant's wagon, under the circumstances above stated[1] each tenant in common having an equal right in the floor.

*W. D. Northend,* for the defendant.

*Clifford,* attorney general, for the commonwealth.

BY THE COURT. The court are of opinion, that the direction to the jury was right, and that the defendant, as tenant in common of a barn floor, occupied by the complainant and himself, had no right to use force and violence, to prevent his co-tenant from entering the door, though it was for the declared purpose of removing the defendant's wagon; and that such declared purpose afforded no justification for the assault.